UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUZELL B. CHENIER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:14-cv-0785-KJN-PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Clauzell Chenier, who proceeds without counsel, commenced this action on March 27, 2014.  (ECF No. 1.)  On March 31, 2014, the undersigned granted plaintiff's application to proceed in forma pauperis, and directed plaintiff to submit copies of the required service documents to the United States Marshal (and file a statement with the court that such documents have been submitted to the United States Marshal) within fourteen (14) days of that order.  (ECF No. 3.)  The court's record indicates that plaintiff failed to file the required statement and that service of process has not been accomplished, strongly suggesting that plaintiff failed to submit the service documents to the U.S. Marshal in accordance with the court's order.

The court's March 31, 2014 scheduling order in this matter expressly states that failure to adhere to scheduling deadlines "may result in sanctions, including dismissal.  L.R. 110.  Plaintiff

has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Requests to modify this order must be made by written motion." (ECF No. 5 at 3-4.)

Accordingly, on January 13, 2015, the court directed plaintiff to show cause in writing, within 14 days of the court's order, why this case should not be dismissed for lack of prosecution and failure to comply with court orders. (ECF No. 6.) The court cautioned plaintiff that failure to timely file the required writing would result in a recommendation that the action be dismissed with prejudice. (Id.) Although the deadline has since passed, plaintiff failed to file a response to the court's order to show cause or a notice of voluntary dismissal.[1]

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

---

[1] The docket does not indicate that the court's orders have been returned as undeliverable. Nevertheless, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Plaintiff has not responded to the court's orders in this action; nor has he otherwise participated in this case since his original filings. Thus, it appears that the court is devoting scarce judicial resources to this litigation despite plaintiff's apparent intent to abandon it.

The third Ferdik factor, prejudice to defendants, also favors dismissal. At the very least, the Commissioner has been named in a civil action and has had progress towards resolution of the case delayed by plaintiff's failure to comply with the court's orders. The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal. Instead of initially recommending dismissal, the court first provided plaintiff with an opportunity to explain his failures by virtue of the order to show cause. Plaintiff failed to respond to the order to show cause or even request an extension of time in order to do so, despite having been clearly warned of the potential consequences. Furthermore, even if the court were inclined to attempt monetary sanctions first, plaintiff here is proceeding in forma pauperis and thus unlikely to be able to pay any significant

monetary sanctions.

The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See <u>Ferdik</u>, 963 F.2d at 1263. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders.

Accordingly, after an evaluation of all the <u>Ferdik</u> factors, the court finds that plaintiff's case should be dismissed. However, in light of plaintiff's pro se status and alleged disability, the court recommends that dismissal be without prejudice.

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court randomly select and assign a United States District Judge to this case.

IT IS ALSO HEREBY RECOMMENDED that:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

////

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED AND RECOMMENDED.

Dated:  February 13, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE